# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT COURT
# DALLAS DIVISION

| | |
|---|---|
| IMPACT RECOVERY SYSTEMS, INC., SLOWSTOP GUARDING SYSTEMS, LLC<br>    Plaintiffs,<br><br>v.<br><br>GLOBAL EQUIPMENT COMPANY, INC. D/B/A GLOBAL INDUSTRIAL COMPANY,<br><br>    Defendant. | Civil Action No. 3:24-cv-3176 _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Impact Recovery Systems, Inc. ("IRS") and SlowStop Guarding Systems, LLC ("SlowStop") (collectively "Plaintiffs"), file this Complaint for Patent Infringement against Global Equipment Company, Inc. d/b/a Global Industrial Company ("Global" or "Defendant"), and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff IRS is a Texas corporation having an address located at 4955 Stout Drive, San Antonio, Texas 78219.

2. Plaintiff SlowStop is a Texas limited liability company having an address located at 4955 Stout Drive, San Antonio, Texas 78219.

3. On information and belief, Defendant is a Delaware corporation with a principal address of 11 Harbor Park Drive, Port Washington, New York 11050.

4. Defendant has a regular and established places of business in the Northern District of Texas, located at 2119 North I-35E, Building 3, DeSoto, Texas 75115. *See* https://www.globalindustrial.com/distributioncenters.

5. Defendant is registered to do business in Texas and may be served via its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, at its place of business or anywhere else they may be found.

6. On information and belief, Defendant directly and/or indirectly manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Northern District of Texas.

## JURISDICTION AND VENUE

7. This civil action arises under the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a).

8. The United States District Court for the Northern District of Texas has general and specific personal jurisdiction over Defendant because Defendant has a regular and established place of business in the Northern District of Texas and has committed acts of patent infringement in the Northern District of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods provided to residents of this District and the State of Texas.

9. Plaintiffs' cause of action arises, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

10. This Court has personal jurisdiction over Defendant pursuant to Tex. Civ. Prac. & Rem. Code § 17.041 *et seq.* Personal jurisdiction exits over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Northern District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Northern District of Texas. Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has a regular and established place of business throughout this District, and directly and through agents regularly solicits and transacts business in the Northern District of Texas. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

11. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this juridical district.

12. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this District and has a regular and established place of business in this District.

**FACTUAL ALLEGATIONS**

*THE PATENT-IN-SUIT*

13.     On April 10, 2018, United States Patent No. 9,938,677 ("the '677 Patent"), entitled "Impact – Resistant and Energy Absorbing Item of Street Furniture" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '677 Patent claims patent-eligible subject matter and is valid and enforceable. The '677 Patent is referred to herein as the "patent-in-suit". A true and correct copy of the '677 Patent is attached hereto as **Exhibit A**.

14.     Plaintiff SlowStop is the exclusive owner by assignment of all rights, title, and interest in the '677 Patent. Plaintiff IRS is an exclusive licensee of all rights, title, and interest in the '677 Patent from Plaintiff SlowStop.

15.     Defendant is not licensed to practice the '677 Patent, either expressly or implicitly, nor does it enjoy or benefit from any rights in or to the '677 Patent whatsoever.

16.     Plaintiffs are the owner of the entire right, title, and interest in and to the patent-in-suit. The patent-in-suit is presumed valid under 35 U.S.C. § 282.

17.     The '677 Patent in suit relates to an impact resistant and energy absorbing item of street furniture comprising a post, a base plate, and an energy absorbing element, which are designed to be energy absorbing and impact resistant. More specifically, the claims forming the basis of the '677 Patent describe a design for a vertical post that uses an energy-absorbing element to reduce impact damage. The post is secured to the ground with a four (4) inch diameter base plate, and an energy absorbing flange which allows the post to slide slightly downward upon impact, absorbing the energy of the impact. The base and post have bevel surfaces that control such sliding movement and the components are designed to fit together without needing additional

fasteners. This design ensures that the post can rebound after impact, maintaining its upright position, as depicted in Figure 4 of the '677 Patent:



**USPN 9,938,677, Fig. 4**

### *ACCUSED PRODUCT*

18.  The term "Accused Product" refers to, by way of example and without limitation, Defendant's product known as a "Global Industrial™ Rebounding Safety Bollard, 4" Diameter by Forty-two inches Height" (Model #WQ670782). See attached **Exhibit B**.

19.  Plaintiffs acquired a commercially available Accused Product and conducted a physical examination of the Accused Product. Plaintiffs also reviewed diagrams and photos of the Accused Product available on Defendant's website.

20.  The Accused Product meets all limitations of at least Claim 1 of the '677 Patent, as demonstrated in the chart below:

| Element | Accused Product |
|---|---|
| An item of street furniture comprising three parts | Preamble |
| A post | **Steel Rebounding Bollard, 4"D, 42"H, Yellow**<br>**Model: 670782**<br>Assembly required prior to securing to the ground<br><br>| Ref # | Qty | Description |<br>|---|---|---|<br>| 1 | 1 | Cover |<br>| 2 | 16 | Plastic Cap |<br>| 3 | 1 | Post |<br>| 4 | 4 | 18x150mm Screw |<br>| 5 | 1 | Base |<br>| 6 | 1 | Sleeve |<br>| 7 | 5 | 16x16mm Jack Screw |<br>| 8 | 1 | Rubber Pad |<br><br>⚠ **WARNING** ⚠<br>DESIGNED FOR MAXIMUM IMPACT OF 5,000 POUNDS AT 4 MILES PER HOUR<br>GLOBAL INDUSTRIAL — ANCHOR BOLLARD 12" FROM OBJECT BEING PROTECTED<br><br>https://static.globalindustrial.com/products/pdf/89688-global-industrial/670782.pdf<br><br>The Accused Product comprises a post, as shown on Defendant's website wherein a diagram of the Accused Product identifies Ref # 3 "Post" as a component of the Accused Product. |
| A base plate having a flange or collar | *Id.*<br><br>The Accused Product comprises a base plate having a flange or collar, as shown in the diagram above. The base plate is identified as Ref # 5 "Base" and a collar or flange is visible on the "Base." |
| An energy-absorbing element | *Id.*<br><br>The Accused Product comprises an energy-absorbing element, as shown in the diagram above. The energy-absorbing element is identified as Ref # 8 "Rubber Pad" and/or Ref # 6 Sleeve. |

| Element | Accused Product |
|---|---|
|  | *See also* https://www.globalindustrial.com/p/rebounding-safety-bollard-4-in-dia-x-42-in-h-yellow?referer=L2Mvc2FmZXR5L3NhZmV0eV9yYWlsaW5nc19tYWNoaW5lX2d1YXJkcy9ib2xsYXJkcy9zYWZldHlfYm9sbGFyZHNfcG9zdHM%3D#customUrl:::prindex=0&pgkey=33137<br><br>Defendant's website further provides the following information about the Accused Product: "base features a rubber interior to help with rebounding absorption." On information and belief, the reference to "rubber interior" is a reference to the "Rubber Pad" in the diagram above. |
| Only the base plate is secured directly to an existing ground surface | *See* https://www.globalindustrial.com/p/rebounding-safety-bollard-4-in-dia-x-42-in-h-yellow?referer=L2Mvc2FmZXR5L3NhZmV0eV9yYWlsaW5nc19tYWNoaW5lX2d1YXJkcy9ib2xsYXJkcy9zYWZldHlfYm9sbGFyZHNfcG9zdHM%3D&prindex=1&pgkey=33137 (image cropped from original size).<br><br>A photo of the Accused Product on Defendant's website shows that only the base plate is secured directly to an existing ground surface. Defendant's website further states the "Base Plate" of the Accused Product allows for "Floor Anchoring." |

7

| Element | Accused Product |
|---|---|
| A hollow space formed by the post, an inner wall of the base plate and the ground | Steel Rebounding Bollard, 4"D, 42"H, Yellow<br>Model: 670782<br>Assembly required prior to securing to the ground<br><br>| Ref # | Qty | Description |<br>|---|---|---|<br>| 1 | 1 | Cover |<br>| 2 | 16 | Plastic Cap |<br>| 3 | 1 | Post |<br>| 4 | 4 | 18x150mm Screw |<br>| 5 | 1 | Base |<br>| 6 | 1 | Sleeve |<br>| 7 | 5 | 16x16mm Jack Screw |<br>| 8 | 1 | Rubber Pad |<br><br>**WARNING** DESIGNED FOR MAXIMUM IMPACT OF 5,000 POUNDS AT 4 MILES PER HOUR. GLOBAL INDUSTRIAL. ANCHOR BOLLARD 12" FROM OBJECT BEING PROTECTED.<br><br>*Id*.<br><br>https://static.globalindustrial.com/products/pdf/89688-global-industrial/670782.pdf<br><br>Based on the diagram of the Accused Product provided on Defendant's website, and physical examination of an Accused Product, the Accused Product has a hollow space formed by the post, and inner wall of the base plate and the ground. |
| The energy-absorbing element is located within the hollow space and is arranged . . . [so that] the energy-absorbing element presses the post and the base plate together at all times, thereby creating a first direct contact between the post and the base plate | *Id*.<br><br>Based on the diagram of the Accused Product provided on Defendant's website and physical examination of an Accused Product, the Accused Product's energy absorbing element (the "Rubber Pad") is located within the hollow space and is arranged so that the energy absorbing element presses the post and the base plate together at all times (via the sleeve) thereby creating a first direct contact between the post and the base plate. |

8

| Element | Accused Product |
|---|---|
| the item of street furniture is brought and maintained in a normal position | Based on physical examination of the Accused Product, the Accused Product is brought and maintained in a normal position. For example, the Accused Product is in the generally upright position prior to impact. |
| The energy absorbing element releases the energy absorbed during the loading of the post by external forces when the external forces disappear | Based on physical examination of the Accused Product, once a vehicle, for example, impacts with and rebounds from the Accused Product, the vehicle is no longer in contact with the Accused Product and this external force (vehicle) disappears. Thus, the Accused Product contains the limitation that the Accused Product's energy absorbing element releases the energy absorbed during the loading of the post by external forces when the external forces disappear. |
| The energy absorbing-element remains in direct contact at all times with the post and with the ground surface | Based on physical examination of the Accused Product, the Accused Product's energy absorbing element remains in direct contact at all times with the post and with the ground surface. |
| The post, the base plate, and the energy-absorbing element are arranged relative to one another in such a manner that at the beginning of a movement of the post relative to the base plate, the energy-absorbing element is able to absorb this first movement without damage to the parts of the item of street furniture | Based on physical examination of the Accused Product, the Accused Product's post, base plate, and energy-absorbing element are arranged so that at the beginning of a movement of the post relative to the base plate, the energy-absorbing element is able to absorb this first movement without damage to the parts of the item of street furniture. |
| After a relative movement of the post and the base plate relative to one another, the post comes into contact with an inner edge of the flange or collar of the base plate defining a limit value of range for the position of the post relative to the base plate, a second direct contact is established between the post and the base plate and further movement of the post relative to the base plate is no longer possible because, with further movement of the post from this defined limit position, a rigid whole is formed consisting of the post and the base plate, as a result of which the energy-absorbing element is not additionally loaded | Based on physical examination of the Accused Product, after a relative movement of the post and the base plate relative to one another, the post comes into contact with an inner edge of the flange or collar of the base plate defining a limit value of range for the position of the post relative to the base plate, a second direct contact is established between the post and the base plate and further movement of the post relative to the base plate is no longer possible because, with further movement of the post from this defined limit position, a rigid whole is formed consisting of the post and the base plate, as a result of which the energy-absorbing element is not additionally loaded. |

| Element | Accused Product |
|---|---|
| The post and the base plate are shaped [so that] when the post is loaded just above the base plate, an obliquely, downwardly directed sliding movement of the post relative to the base plate is obtained, which is damped by the energy absorbing element. | Based on physical examination of the Accused Product, the post and the base plate are shaped so that when the post is loaded just above the base plate, an obliquely, downwardly directed sliding movement of the post relative to the base plate is obtained, which is damped by the energy absorbing element. |

21. Plaintiffs also compared the Accused Product to one of Plaintiffs' commercial embodiments of the '677 Patent. The two products are nearly identical.

22. Defendant makes, sells, and/or uses the Accused Product without authorization or license from Plaintiffs.

## CLAIM FOR RELIEF
## PATENT INFRINGEMENT

23. Plaintiffs restate and re-allege the preceding paragraphs of this complaint as fully set forth herein.

24. On information and belief, Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '677 Patent by making, using, selling, offering for sale and/or importing into the United States Defendant's Accused Product.

25. On information and belief, Defendant implemented the claims of the '677 Patent or reverse engineered Plaintiffs' commercial embodiment of the '677 Patent to develop the Accused Product.

26. On information and belief, Defendant has made no attempt to design around the claims of the '677 Patent.

27. On information and belief, Defendant did not have a reasonable basis for believing the claims of the '677 Patent were invalid.

28. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

29. As a result of Defendant's infringement, Plaintiffs have been damaged. Plaintiffs are entitled to recovery for damages sustained as a result of Defendant's wrongful acts in an amount yet to be determined, but at least as much as a reasonable royalty, in an amount in excess of the jurisdictional amount of this Court.

30. In addition, Defendant's infringing acts and practices have caused and are causing immediate and irreparable harm to Plaintiffs.

31. On information and belief, Defendant has had actual knowledge of its infringement of the '677 Patent since no later than April 10, 2018.

32. Alternatively, since at least as early as September 24, 2024, Defendant was aware and had actual knowledge of the '677 Patent and Defendant's infringement of same. *See Impact Recovery Systems, Inc. v. Global Equipment Company, Inc.*, SA24CA1069, U.S. District Court, Western District of Texas (patent infringement action for the '677 Patent). Despite an objectively high likelihood that its actions constitute infringement, Defendant continued its infringing activities to date.

33. Plaintiffs are further informed, and on this basis alleges, that Defendant's infringement of the '677 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages and attorney's fees to Plaintiffs pursuant to 35 U.S.C. §§ 284-285.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

a. a judgement Defendant has infringed the '677 Patent;

b. a judgment that Defendant's infringement of the '677 Patent was and is willful;

c. a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Defendant, and anyone in concert with Defendant, from making, using, importing, offering for sale, or selling in the United States the Accused Product or any other item of street furniture that infringes the '677 Patent;

d. an award to Plaintiffs of damages adequate to compensate for Defendant's infringement, including its lost profits, but in no event less than a reasonable royalty;

e. an award of increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

f. a determination by the Court that this is an exceptional case and an award of Plaintiffs' reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

g. an award of prejudgment interest, post-judgment interest, and costs; and

h. such other relief as the Court deems just.

Date: December 18, 2024    Respectfully submitted,

By: __/s/ Miguel Villarreal, Jr.___

Miguel Villarreal, Jr.
Texas State Bar No. 24042095
mvillarreal@gunn-lee.com
Brandon T. Cook
Texas State Bar No. 24084166
bcook@gunn-lee.com
**GUNN, LEE, & CAVE, P.C.**
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
(210) 886-9500 Telephone
(210) 886-9883 Facsimile

PETER N. SUSCA
*(Pro Hac Vice Forthcoming)*
State Bar Number 19519400
**LAW OFFICE OF PETER N. SUSCA P.C.**
111 West Olmos Drive
San Antonio, Texas  78212
Telephone: (210) 829-7183
Telecopier: (210) 829-0734
psusca@111westolmos.com

**ATTORNEYS FOR PLAINTIFFS**